UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

THEODIS WASHINGTON,

    Plaintiff,

    v.       No. 2:23 CV 227

HUNTER HELLYER, *et al.*,

    Defendants.

## OPINION and ORDER

Theodis Washington, a prisoner without a lawyer, filed a complaint containing unrelated claims. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Washington is suing Correctional Officers Hunter Hellyer and Luke Wilcox for an incident that occurred on May 8, 2023. He is suing Captain Josh Morgan and Lt. Megan Hensley for incidents that occurred on May 13, 2023, and May 19, 2023.[1]

Washington may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Washington because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance

---

[1] Washington sues Warden Brian English, Deputy Warden Christopher Ertel, and an unknown major, for how they responded to complaints from Washington's uncle about these three incidents, but these allegations do not state a claim. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Public officials do not have a free-floating obligation to put things to rights[.]" *Id*. at 595. They "are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Washington also sues Correctional Officer Kimberly Raypholtz, but does not mention her in the body of the complaint.

2

(creating multiple suits that can be separately screened) . . ..″ *Id*. Both solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Washington is unable to select related claims on which to proceed in this case, one of these options may become necessary. Washington needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) **DIRECTS** the Clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Theodis Washington along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;[2]

(2) **GRANTS** Theodis Washington until **December 8, 2023**, to file an amended complaint containing only related claims on the form with this case number sent to him by the Clerk; and

(3) **CAUTIONS** Theodis Washington that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

**SO ORDERED.**

---

[2] Should Washington require additional forms, he may request them from the Clerk.

Date: November 13, 2023

                                          <u>s/James T. Moody</u>
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT