UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THEODIS WASHINGTON, | |
| Plaintiff, | |
| v. | No. 2:23 CV 227 |
| HUNTER HELLYER, *et al.*, | |
| Defendants. | |

## OPINION and ORDER

Theodis Washington, a prisoner without a lawyer, filed a complaint with unrelated claims. (DE # 1.) In this court's November 13, 2023, order (DE # 12), the court noted that he was suing: (1) Correctional Officers Hunter Hellyer and Luke Wilcox for an incident that occurred on May 8, 2023; (2) Captain Josh Morgan and Lt. Megan Hensley for incidents that occurred on May 13, 2023, and May 19, 2023; and (3) Warden Brian English, Deputy Warden Christopher Ertel, and an unknown major, for how they responded to complaints from Washington's uncle about these three incidents. The court explained that the allegations against Warden Brian English, Deputy Warden Christopher Ertel, and an unknown major do not state a claim because there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (public officials "are responsible for their own misdeeds but not for anyone else's."). The court also noted that Washington is suing Correctional Officer Kimberly Raypholtz, but he does not mention her in the body of the complaint.

"Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Washington was instructed that he may not sue different defendants based on unrelated events and he was granted an opportunity to amend his complaint. He was cautioned that, if he did not amend his complaint to include only related claims, the court would select one group of related claims and dismiss the others without prejudice. Washington did not amend his complaint.

After considering the various allegations in the complaint, the court selects Washington's allegations against Correctional Officers Hunter Hellyer and Luke Wilcox for an incident that occurred on May 8, 2023, to proceed here. All other allegations will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Washington alleges that, on May 8, 2023, around 2:15 p.m., Correctional Officer Hunter Hellyer and Correctional Officer Luke Wilcox came to his room to conduct a cell search. Washington was placed in cuffs behind his back and then the door was opened. Officer Hellyer directed Washington to walk to the table and sit down. Washington has

limited mobility; he uses a wheelchair. He asked Officer Hellyer to get his wheelchair and push him to the table. Officer Hellyer initially refused but got it when another officer spoke up. He then placed it several feet away from Washington so that he would need to walk to it. Officer Heller then grabbed Washington's arm and jerked him toward the wheelchair. Washington couldn't move, so Officer Hellyer jerked even harder, and then threw him to the ground. Nobody did anything to stop Officer Hellyer. An officer picked Washington up and put him in the wheelchair. A nurse assessed Washington at his cell following the encounter and offered only aspirin for pain.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). Giving Washington the benefit of all inferences to which he is entitled at this stage of the case, he has stated a claim against Officer Hellyer.

3

"[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Here, Washington describes a brief exchange and has not alleged facts from which it can be plausibly inferred that Officer Wilcox had a realistic opportunity to intervene in the alleged use of excessive force by Officer Hellyer. Therefore, Washington may not proceed against Officer Wilcox.

For these reasons, the court:

(1) **GRANTS** Theodis Washington leave to proceed against Correctional Officer Hunter Hellyer in his individual capacity for compensatory and punitive damages for using excessive force against him on May 8, 2023, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Correctional Officer Luke Wilcox;

(4) **DISMISSES** Captain Josh Morgan, Lt. Megan Hensley, Correctional Officer Kimberly Raypholtz, Warden Brian English, Christopher Ertel, and the Unknown Major pursuant to Federal Rule of Civil Procedure 21;

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Hunter Hellyer at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Hunter Hellyer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: April 8, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT